NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANLING XU; SAI LIU, <br><br>               Petitioners, <br><br>   v. <br><br> WILLIAM P. BARR, Attorney General, <br><br>               Respondent. | No.   17-73402 <br><br> Agency Nos.   A087-887-171 <br>                    A087-887-172 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Yanling Xu and Sai Liu, natives and citizens of China, petition for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's ("IJ") decision denying their application for asylum and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for substantial evidence the agency's factual findings, applying the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Petitioners have waived any challenge to the agency's finding that Xu provided vague and inconsistent testimony regarding her involvement in distributing church materials in her neighborhood in China. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issue not raised in an opening brief is waived).

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Xu's testimony and her medical records regarding her abortion, Xu's vague and inconsistent testimony regarding her involvement in distributing church materials in her neighborhood in China, and petitioners' misrepresentations regarding their residence in their motion to transfer venue. *See Jin v. Holder*, 748 F.3d 959, 965-66 (9th Cir. 2014) (misrepresentation of residence for purpose of forum shopping supports adverse credibility determination); *Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Xu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

In the absence of credible testimony, in this case, petitioners' asylum and

withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we lack jurisdiction to consider petitioners' contentions that the IJ should have granted their motion to change venue because they failed to raise this contention to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**